Guster SALTON, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 24315.

United States Court of Appeals Fifth Circuit.

June 26, 1967.

Certiorari Denied Oct. 9, 1967.

See 88 S.Ct. 176.

Guster Salton, pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen., of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. (Bob) Lattimore, Howard M. Fender, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

Guster Salton, pro se.
the Texas authorities by virtue of two sentences applied to the United States District Court for the writ of habeas corpus. The District Court denied the writ, and Salton appeals from that denial.

The petitioner was convicted on June 24, 1960, for rape and on June 28, 1960, for assault with intent to rape. On the first conviction he was sentenced for a term of from 5 to 50 years, and on the assault with intent conviction for a term of from 2 to 50 years. Petitioner contends that the conviction on the assault with intent to rape charge, being based upon a plea of guilty, is unconstitutional in that the plea was coerced. The petitioner further contends that the Texas district attorney threatened to seek a 100-year sentence unless appellant pleaded guilty and that, in bargaining with appellant's appointed counsel, the district attorney offered to reduce the charge of statutory rape to assault with intent to rape and to seek a 50-year sentence to run concurrently with appellant's 50-year sentence that had been imposed four days previously on the rape charge. For this concession, the defendant agreed to plead guilty. The District Court refused to conduct a hearing upon the theory that such did not constitute a coerced plea in a constitutional sense.

Petitioner was convicted by a jury after a plea of not guilty in the first case and received a sentence of from 5 to 50 years. His only allegation regarding that conviction is that he was denied the right to consult with counsel or to contact his employer after his arrest and during his interrogation and that his victim did not report the rape for five days. There is no claim that petitioner made a confession during his interrogation or that any statement was used against him at his trial. Accordingly, there is no real challenge, in a constitutional sense, of his first conviction.

As stated, petitioner's confinement is based upon both convictions and, since there is no real challenge as to his June 24, 1960, conviction for rape, it is not appropriate at this time, and was not appropriate for the District Court, to review the constitutional validity of petitioner's incarceration. In this connection, see Brown v. Beto, 377 F.2d 950 (5th Cir., No. 23821, May 12, 1967), and the cases therein cited.

The District Court's denial of the petition is

Affirmed.